John Houston Scott, SBN 72578
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9601
Facsimile:  (415) 561-9609
john@scottlawfirm.net

Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PREBILICH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF COTATI, DAMIEN O'BID, Individually and in his capacity as City Manager for the City of Cotati, and Does 1-20 inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[42 U.S.C. § 1983 AND PENDENT STATE CLAIMS]**<br><br>***JURY TRIAL demand*** |

Plaintiff Nancy Prebilich alleges as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The claims alleged herein arose in the City of Cotati in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b)(2).

## PARTIES

3. Plaintiff Nancy Prebilich (hereinafter "Plaintiff") is a resident of Sebastopol, California. She is a 5th generation west Sonoma County rancher with extensive experience in biodynamic livestock production (poultry, swine, sheep, goat, cattle, and dairy), processing, marketing, and sales. From 2007-2012, Plaintiff branded and was Managing Director of her family's 90-acre "Gleason Ranch," introducing pastured heritage poultry and sustainable meats to the greater Bay Area's premiere grocers, restaurants, and farmers markets. In 2008, she was among a select group of Sonoma/Marin ranchers who worked with UC Davis Cooperative Extension and USDA to introduce the first direct-to-consumer meat buying club in the country, paving the way for today's familiar "meat CSA's" (Community Supported Agriculture). She's worked with USDA National Resource Conservation Services for over a decade as a matching-grant awardee, implementing over $100,000 in land management/conservation practices on her 90-acres. From 2010-2012, she served as a founding board member of the Redwood Empire Farmers' Market, a 501(c) serving over 100 Sonoma County farm producers/vendors. After selling Gleason Ranch in 2013, Plaintiff moved to Sebastopol where she has operated Leland Street Farms and Country Club, a boutique urban demonstration farm, visited by Defendant Damien O'Bid on September 27, 2017 per the City of Cotati's RFP vetting process. Plaintiff is the subject of the documentary "On Her Own," demonstrating the contemporary

struggles of the generational farmer. She continues to educate local youth and the general public on both the hard and soft skills related to livestock farming, production, processing, marketing, and sales.

4. Defendant City of Cotati is a public entity situated in the State of California and organized under the laws of the State of California.

5. Defendant Damien O'Bid is the City Manager for the City of Cotati. He is sued in both his individual and official capacities. At all times mentioned herein Defendant O'Bid acted under color of state law and in the course and scope of his employment. In doing the acts alleged herein he acted as the final decisionmaker for the City of Cotati.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named here as Does 1 -20 are unknown to the Plaintiff, who therefore sue said Defendants by such fictitious name. Doe Defendants were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

### STATEMENT OF FACTS

7. On or about August 17, 2017, Plaintiff Nancy Prebilich entered into an agreement with Dustin DeMatteo dba "Farmster" to partner with him in making a RFP/Request for Proposal to the City of Cotati to enter into a 3 year licensing agreement to operate a Demonstration Farm in the City of Cotati. Plaintiff's participation was necessary in order for Farmster/DeMatteo to qualify because the City required the applicant to have a minimum of five years of experience in managing a farming operation. Dustin DeMatteo did not have such experience, however, Farmster qualified as an applicant because Farmster identified Plaintiff as having the necessary experience. Plaintiff was designated as the person in charge of livestock operations.

8. On or about November 14, 2017 defendant Damien O'Bid recommended to the City Council that it grant a 3 years licensing agreement to Farmster to operate a demonstration

COMPLAINT FOR DAMAGES

farm at the Verona-Faletti Ranch in downtown Cotati. In May 2018 the City Council voted to approve the licensing agreement with Farmster. On September 24, 2018 a three years License Agreement was executed between the City of Cotati and Farmster. It was anticipated that the Plaintiff would be the primary person who, on behalf of Farmster, would (a) provide livestock, (2) operate and (3) manage the Demonstration Farm subject to the terms of the lease.

9. Beginning in March 2018, and at the request of defendant O'Bid, the Plaintiff moved her own sheep and goats to the site. Thereafter, Plaintiff began functioning as the designated person in charge of livestock operations. Plaintiff advised on land management, arranged for active livestock and animal husbandry demonstrations, and educated participants in the program.

10. Between March 2018 and September 2019, Plaintiff performed the following duties and responsibilities pursuant to and consistent with the licensing agreement:

- Introduced and mentored Dustin DeMatteo in all aspects of livestock handling, care, and maintenance. This included teaching basic carpentry, veterinary, and management skills.

- Utilized personal livestock for on-going passive livestock demonstration, land management, and monthly "Open Farm Friday" presentations to the public. Livestock included a breeding trio of Kunekune pigs, 5 Babydoll Southdown sheep, 3 Dorset sheep, 6 goats, a mid-size Jersey cow, and 2 miniature horses. These animals were not all present all the time, but rather rotated on/off the property as per land management and programmatic needs required.

- Planned, organized, and facilitated the first and only "Farmster Day Camp."

- Guided regular weekly visits with local preschools.

- Introduced strategic partners such as Dr. Erica Tom, founder of "Equi-sense" and Director of Native American Studies at SSU, and Sonya McVay-Straub, founder of "The 6 Foundation;" both non-profits dedicated to trauma-informed experiential learning and therapeutic healing with horses.

- Held strategic meetings with representatives from the City of Cotati, Sonoma State University, National Resource Conservation District, Cotati Historical Society, local educators, faith-based community, service community, and business

- owners regarding organizational goals, land management goals, infrastructural development, educational programming, community outreach, and funding opportunities.

- Represented "Farmster" at local community events such as Cotati Farmer's Market, Kid's Day Parade, and Gravensteins Apple Fair, including using personal livestock for demonstration and display.

- Performed basic daily operations as required.

- Assisted in the planning and execution of special land management projects; installing fencing, shelters, moving modular fencing for rotational grazing, etc.

- Consulted with off-site property owners who were either interested in and/or participated with "Farmster" as a "satellite" property.

11. On September 6, 2019, Plaintiff met with defendant Damien O'Bid and Ashley Wilson, Director of Parks and Recreation for the City of Cotati, to discuss plans for the upcoming year. Agenda items included (1) preparing the facilities and livestock for winter, (2) grazing services on satellite properties near Cotati, (3) upcoming construction, and (4) preparations for after-school programming and kids camps for Spring/Summer 2020.

12. On October 23, 2019 the Kinkade Fire erupted in Sonoma County. Because of an evacuation order the Plaintiff, with the assistance of Dustin DeMatteo, temporarily relocated some of her livestock to Cotati. When the evacuation order was lifted the Plaintiff returned some of her livestock to her farm in Sebastopol and left expectant breeding stock in Cotati in anticipation of the Spring/Summer programming discussed with City officials in September.

13. On November 20, 2019 Plaintiff received an email from Dustin DeMatteo notifying her that (1) he was taking time off to focus on his full time job, (2) the City had denied the request to winterize the property to shelter the animals, and (3) Plaintiff was given 10 days to remove livestock from the property. In response to this email the Plaintiff contacted defendant O'Bid and was told that the immediate removal of the animals was not a directive coming from the City.

14. The Plaintiff's December 16, 2019 meeting with Damien O'Bid was the first time

COMPLAINT FOR DAMAGES

she was informed that her relationship with Farmster had ended. Plaintiff was both shocked and confused as it was in direct contradiction to Dustin DeMatteo's recent Nov. 20 email: "The meeting with the city manager resulted in a collective decision to take a step back from operations this December and focus on planning… I will be taking some time away from the project to be with my family this holiday season and focus on my full-time job (in San Bruno)…know that it is my full intent to determine the best way to move this partnership forward." Mr. DeMatteo also wrote: "In the new year, you can expect from me in follow-up: (1.) Defined Farmster work plan (2.) B. O. D & Officers Insurance (3.) Detailed Roles & Responsibilities." This was consistent with Mr. DeMatteo's November 17 text to the Plaintiff's junior associate, Scarlet Taskey: "I really want to get her (Plaintiff) a paying job through Farmster, that's my focus this December is to put together an offer she can't refuse. Home girl needs to make money and that's a lot of the tension, also I'm going through a 90 day cleanse, so I'm not going to be stupid stoner D anymore."

15. Plaintiff reminded City Manager O'Bid that she was not only the owner of the livestock and the designated livestock operator associated with the project, but that she was the only person affiliated with Farmster who met the "minimum qualifications" upon which the contract was awarded, and that she had not been consulted regarding the necessity nor the viability of removing the livestock. "Minimum Qualifications: The successful operator must have a minimum of five years of experience managing a farming operation." As stated in City Manager O'Bid's RFP/ summary proposal evaluation, "Project lead (Dustin DeMatteo) is involved in Farmstead, but does not have significant direct farming experience… The project lead appears to have extensive support to assist in the project, and identified Nancy Prebilich for livestock operation."

16. Defendant O'Bid stated that the change in operations was based on the expected starting date for construction on the single dwelling on the 4+ acre parcel. Plaintiff pointed out that it was not necessary to change the farm operations because of the construction and it would

- 5 -
COMPLAINT FOR DAMAGES

be at the direct peril to the animals' health and well-being to be relocating them as most of them were pregnant. This was later supported by signed letter from Dr. Calvin Dotti, Cotati Large Animal Hospital, DVM.

17. Based on the time of year and the health risks posed to the animals, Plaintiff pointed out to Defendant O'Bid that there was no reason the animals could not be isolated from the construction with the use of modular internal fencing. This was later supported by both the building contractor's RFP requirements which explicitly stated they must work with Farmster so as not to disrupt the active and on-going farming operations, including tending to livestock on site, and the manner in which all the remaining animals as of Feb. 16, 2020 were retained and isolated from the construction zone for the entirety of the process.

18. On January 31, 2020 defendant O'Bid offered to purchase, at fair market value, the animals Plaintiff was unable to relocate.

19. On February 17, 2020 the Plaintiff was locked out of the property and denied access to her animals.

20. On February 24, 2020 the Plaintiff provided defendant O'Bid with a list of all remaining animals in the City's possession and their fair market value, i.e., $31,750.

21. On March 11, 2020 defendant O'Bid offered to pay $11,400 for the animals claiming that was the fair market value. Thereafter, a check in the amount of $11,400 was sent to the Plaintiff and returned to defendant O'Bid by the Plaintiff.

22. On June 30, 2020 Plaintiff sent a letter to defendant O'Bid offering to resolve this dispute by having the Sonoma County Farm Bureau determine the fair market value of the Plaintiff's animals as of February 24, 2020. Defendant O'Bid rejected this offer.

23. On December 28, 2020 Plaintiff filed a claim for money damages with the City Manager's Office for the City of Cotati.

### STATEMENT OF DAMAGES

24. As a result of the acts and/or omissions alleged herein, Plaintiff Nancy Prebilich

suffered, and continues to suffer, economic damages to her business and property. In addition, Plaintiff suffered and continues to suffer general damages, including emotional distress, in an amount to be determined according to proof.

25. As a result of the acts and/or omissions alleged herein, Plaintiff Nancy Prebilich suffered past and future lost earning capacity and damage to her career in an amount to be determined according to proof.

26. The acts and omissions of Damien O'Bid were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages in an amount according to proof.

27. Plaintiff has retained private counsel to represent her in this matter and are entitled to an award of attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Violation of Procedural Due Process)

28. Plaintiff realleges and incorporates by reference the preceding paragraphs.

29. The Defendants took possession and control of the Plaintiff's livestock agreeing to pay fair market value to the Plaintiff.

30. The Defendants have refused to pay fair market value for the livestock and rejected Plaintiff's proposal to have the Sonoma County Farm Bureau resolve the issue.

31. Plaintiff was deprived of her property without procedural due process in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Violation of Substantive Due Process)

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.

33. The Defendants deprived the Plaintiff of a property interest and a liberty interest without due process of law. This constitutes an outrageous abuse of power committed as an

abusive flouting of the law. Thus, Plaintiff was derived of substantive due process in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (U.S.C. § 1983 – Violation of Equal Protection – Class of One)

34. Plaintiff realleges and incorporates by reference the preceding paragraphs.

35. Plaintiff has been treated differently than others similarly situated and there is no rational basis for the difference in treatment.

36. The actions of Defendants against the Plaintiff are intentional, irrational and arbitrary, resulting in discrimination against the Plaintiff.

37. The discriminatory actions of Defendants against the Plaintiff include but are not limited to the following. Plaintiff is the only person who complied with all terms and conditions of a licensing agreement with the City of Cotati who was intentionally, arbitrarily and irrationally prohibited from participating in a program approved by the City. In addition, the Plaintiff is the only person who agreed to locate livestock on City property as part of a licensing agreement and was not paid fair market value for the livestock when the livestock was taken, without just cause and without due process, by the City.

38. For the reasons stated above, Defendants have deprived Plaintiff of equal protection in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (U.S.C. § 1983 – Violation of Equal Protection – Discrimination Based on Gender)

39. Plaintiff realleges and incorporates by reference the preceding paragraphs.

40. Plaintiff is a female. She was singled out for unprecedented treatment because of her gender. Thus, Plaintiff has been deprived of equal protection in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

PENDENT STATE CLAIMS

## FIFTH CLAIM FOR RELIEF
### (Conversion)

41. Plaintiff realleges and incorporates by reference the preceding paragraphs.

42. The Plaintiff owned livestock that was located on City property as part of an agreement with the City of Cotati to operate a Demonstration Farm.

43. The Defendants interfered with the livestock by knowingly and intentionally taking possession of the livestock and preventing the Plaintiff from having access to her livestock.

44. The Plaintiff conditionally agreed to sell her livestock to the Defendants for fair market value. The Defendants refuse to pay fair market value for the livestock and refuse to return the livestock to the Plaintiff.

45. The Plaintiff was harmed, and the Defendants' conduct was a substantial factor in causing the Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF
### (Fraud by Misrepresentation or Concealment)

46. Plaintiff realleges and incorporates by reference the preceding paragraphs.

47. Intentional Misrepresentation: Defendant Damien O'Bid represented to the Plaintiff that the City would pay Plaintiff fair market value for her livestock that was taken by the City of Cotati. He knew the representation was false when he made it, or he made that representation recklessly and without regard for its truth. The Plaintiff reasonably relied upon the representation and was harmed. Plaintiff's reliance on the representation was s substantial factor in causing her harm.

48. Concealment: The Defendants intentionally failed to disclose to the Plaintiff that they did not intend to pay Plaintiff fair market value for her livestock. The Defendants intended to deceive the Plaintiff by concealing this fact. Had the concealed information been disclosed the

Plaintiff would have behaved differently. The Plaintiff was harmed. The concealment was a substantial factor in causing the Plaintiff harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1. For compensatory, economic and consequential damages according to proof;
2. For general damages according to proof;
3. For an award of exemplary or punitive damages against Damien O'Bid;
4. For an award of attorneys' fees and costs as permitted by law; and
5. For such other and further relief as the Court may deem necessary and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: April 1, 2021 **SCOTT LAW FIRM**

By: /s/ John Houston Scott
John Houston Scott
Attorney for Plaintiff