UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PREBILICH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COTATI, et al.,<br><br>Defendants. | Case No. 3:21-cv-02380-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 9, 15 |

Plaintiff Nancy Prebilich was a partner in a "demonstration farm" featuring live animals within the city limits of defendant the City of Cotati. After a few years of operations, Cotati advised Prebilich that she needed to remove the animals to make way for a construction project. For reasons that are not entirely clear in the complaint, Dkt. No. 1, Prebilich did not remove the animals and lost physical possession of them. Prebilich requested approximately $31,000 for the value of the animals, and defendant Damien O'Bid, Cotati's city manager, offered approximately $11,000. The parties apparently could not bridge the $20,000 gap, and this litigation ensued.

Prebilich has alleged multiple claims under 42 U.S.C. § 1983 for due process and equal protection issues, and California state law claims for conversion and fraud by misrepresentation or concealment. Defendants responded with thirteen arguments for why the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(c) and 12(f). Dkt. No. 15 at 3-4.[1] O'Bid has asked for qualified immunity in his personal capacity. *Id*. at 17-18. Prebilich has withdrawn an equal protection claim for "a class of one," and expressed no opposition to dismissing all claims against O'Bid in his official capacity. Dkt. No 17 at 11, 16.

---

[1] Defendants initially filed their motion as Dkt. No. 9. Upon reassignment of the case, Dkt. No. 13, defendants refiled their motion as Dkt. No. 15. The two motions are the same, and the Court refers only to Dkt. No. 15.

The parties' familiarity with the record is assumed, and the complaint is dismissed with leave to amend. The question of qualified immunity is deferred because the record as it currently stands is not sufficient to decide whether O'Bid is entitled to immunity. The multiple counts in the complaint and the rather overheated response by defendants indicate that the parties are driving up attorneys' fees and litigation costs out of all reasonable proportion to the amount in controversy of $20,000. Consequently, discovery will be stayed pending mediation as discussed at the end of the order.

The parties' motion filings did not conform to the Court's page limits in the Standing Order for Civil Cases, or the font size and formatting requirements in our District's Civil Local Rules. The parties and counsel are advised that any future non-conforming filings will be summarily stricken from the docket.

**DISCUSSION**

**I.    THE SECTION 1983 CLAIMS**

All of the Section 1983 claims against Cotati are dismissed because the complaint does not plausibly allege a pattern, practice, or custom of such violations. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 & n.54 (1978); *Escobar-Lopez v. City of Daly City*, 527 F. Supp. 3d 1123, 1127-28 (N.D. Cal. 2021). Under Section 1983, each defendant, whether a public entity or an individual person, is liable only for its "own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011). A city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.

A policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983. *See Gant v. Cty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Liability must be "founded upon practices of sufficient duration, frequency and

consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The complaint as it currently stands does not allege anything close to an actionable pattern or practice by Cotati that might support a Section 1983 claim. At most, it identified a single instance of an alleged constitutional deprivation. That is not enough to plausibly state a Section 1983 claim of any variety against the city.

For the Section 1983 claims alleged against O'Bid in his individual capacity, the complaint does not provide enough facts for the Court to decide whether O'Bid is entitled to qualified immunity, as he proposes. Dkt. No. 15 at 16-17. Qualified immunity is "an immunity from suit," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted), and it cloaks public officials unless "(1) the facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was clearly established at the time of the alleged violation." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016). "The first prong 'calls for a factual inquiry' while the second is 'solely a question of law for the judge.'" *Shen v. Albany Unified Sch. Dist.*, 436 F. Supp. 3d 1305, 1309 (N.D. Cal. 2020) (quoting *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010)). "[B]oth prongs must be satisfied for a plaintiff to overcome a qualified immunity defense," though the two prongs of the analysis need not be considered in any particular order. *Id*. at 1309-10 (quoting *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017)).

The Supreme Court has cautioned that "'clearly established law' should not be defined at a high level of generality." *Longoria v. Pinal Cty.*, 873 F.3d 699, 704 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 551-52 (2017) (per curiam)) (cleaned up); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) ("This Court has repeatedly told courts -- and the Ninth Circuit in particular -- not to define clearly established law at a high level of generality.") (quotations and citations omitted); *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam) ("Under our cases, the clearly established right must be defined with specificity."). "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it." *City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 611

3

(2015) (quotations omitted). This "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

The problem here is that Prebilich has presented the due process and equal protection claims in generic terms and without enough factual specificity to determine whether she sustained an injury to her clearly established rights. *See* Dkt. No. 17 at 16 ("For more than a century, the central meaning of procedural due process has been clear.") (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)); *id*. ("[T]he Equal Protection clause confers 'a federal constitutional right to be free from gender discrimination at the hands of governmental actors.'") (quoting *Davis v. Passman*, 442 U.S. 228, 234-35 (1979)). To be sure, even at this highly general level, Prebilich has not identified any precedent that "squarely governs" the potential constitutional dimensions of an alleged deprivation of livestock and attendant valuation, which is not helpful to her case. *See Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019); *Shafer*, 868 F.3d at 1117-18. But it is also true that a deprivation of property by a government entity or actor may raise constitutional issues.

On this record, the Court cannot say that additional facts, if they are available, could not establish a constitutional tort here. The Court is also reluctant to declare O'Bid immune when the specific constitutional tort in issue has not been adequately alleged. Consequently, the question of qualified immunity is deferred pending the filing of an amended complaint. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("Rule 12(b)(6) dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies.").

## II. STATE LAW CLAIMS

Because the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the California state law claims at this time. *See Escobar-Lopez*, 527 F. Supp. 3d at 1130.

## CONCLUSION

Prebilich may file by January 20, 2022, an amended complaint consistent with this order. A failure to meet this deadline will result in dismissal of the case under Federal Rule of Civil

Procedure 41(b).  The Court is advised that the parties are mediating on January 17, 2022.  The parties are directed to promptly report the outcome of mediation to the Court.  Discovery is stayed pending further order.

**IT IS SO ORDERED.**

Dated:  December 16, 2021

JAMES DONATO
United States District Judge